# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDRES RAMIREZ-GODINA,

    Defendant.

Case No. 2:09-CR-00083-KJD-RJJ

**ORDER**

Before the Court is Defendant Ramirez-Godina's Motion to Vacate under 28 U.S.C. 2255 (#49).

I. Background

The parties concede that Defendant was born in Mexico, married a U.S. citizen in 1986, and eventually became a legal permanent resident in 1990. Defendant subsequently became involved with drug smuggling and was sentenced to 70 months of custody followed by five years of supervised release. Defendant was removed from the United States to Mexico in 2002. Defendant claims to have re-entered the United States in December of 2008 to visit his family in California. Defendant was found during a traffic stop in Las Vegas, Nevada in February of 2009 (#36). Defendant pled guilty to the charge of Deported Alien Found Unlawfully in the United States. (#35).

II. Analysis

Defendant alleges nine grounds for relief under 28 U.S.C. § 2255. Each will be addressed in turn. Defendant filed his Motion *pro se* which, under the direction of the Supreme Court, "is to be liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). The Court accordingly construes Defendant's Motion liberally, holding Defendant to less stringent standards of pleading.

A. Grounds One and Two: Ineffective Assistance of Counsel

To prevail on a claim for ineffective assistance of counsel, Defendant must show 1) that counsel's performance was so deficient as to fall below Constitutionally guaranteed minimums, and 2) that this deficient performance prejudiced such that the result of the trial is unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984).

To support Defendant's Motion, he provides what may be generously described as brief conclusory statements. For example, Defendant alleges "Counsel's acts or omissions outside the wide range of professional norms were when he failed to file a notice of appeal at Petitioner's request, move the court for a speedy trial, and file for brady material." This is first, last, and only time these grounds are mentioned, and no additional detail is provided. Defendant must make detailed factual allegations sufficient for the Court to evaluate the claims. Specifically, Defendant must present *specific* facts which tend to prove that counsel's performance was deficient and that the deficient performance makes the result of the guilty plea unreliable. Accordingly, relief on Grounds One and Two is premature at best. These grounds are therefore subject to the further instruction provided at the conclusion of this Order.

B. Ground Three: Boykin and Rule 11

As to Boykin, it is undisputed that guilty pleas must be knowingly and voluntarily made. Boykin v. Alabama, 395 U.S. 238, 242 (1969). Defendant argues that his guilty plea was unknowing and involuntary. However, the record clearly indicates that Defendant's plea was both knowing and

voluntary and Defendant alleges no facts which suggest otherwise. (#35, 5-13). These same pages also show that the Court fulfilled the requirements of Rule 11 of the Federal Rules of Criminal Procedure, and Defendant alleges no facts suggesting otherwise. Accordingly, relief on this Ground is DENIED.

### C. Ground Four: The Import of a Prior Felony Conviction

Defendant argues that prior felony conviction is an element of the offense and not a sentence enhancement factor for the crime found in 8 U.S.C. § 1326. However, Defendant "recogniz[es] that relief is foreclosed" as his argument contradicts clear Supreme Court precedent. Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Accordingly, relief on this Ground is DENIED.

### D. Ground Five: Sentencing Guidelines' Commentary on Cultural Assimilation

Defendant argues that the commentary to the United States Sentencing Guidelines "deserves a second look as a basis for sentencing to a lesser sentence[.]" Specifically, Defendant argues that the commentary requires a reduced sentence for culturally assimilated aliens. However, Defendant fails to provide the Court with any Ninth Circuit precedent requiring a reduced sentence for cultural assimilation. Further, the commentary suggests a downward departure only where "the defendant formed cultural ties primarily with the United States from having resided continuously in the United States from childhood." U.S. Sentencing Guidelines Manual § 2L1.2 cmt 8. Defendant does not claim to have "resided continuously in the United States from childhood." Therefore, no downward departure would be apply in this case, even if the Court were required to consider "cultural assimilation." Accordingly, relief on Ground Five is DENIED.

### E. Ground Six: Fast-Track Disparity and Explanation of Sentencing

Defendant argues that the Court failed to address his "fast-track dispariry [sic]" argument and failed to "explain why it chose the...sentence it imposed." At the outset, the Court is unable to locate any such argument made by Defendant. Further, even if Defendant had made such an argument, The Ninth Circuit has held that sentence disparity between fast-track and other sentences is not "unwarranted," but even if it were, "that factor alone would not render [defendant's] sentences

3

unreasonable." United States v. Marcial-Santiago, 447 F.3d 715, 719 (9th Cir. 2006). Lastly, the record clearly indicates that the Court carefully considered the factors found in 18 U.S.C. § 3553 and provided clear reasons for the sentence imposed (#36). Accordingly, relief on Ground Six is DENIED.

### F. Ground Seven: Equal Protection as to Bureau of Prison's Regulations

Defendant protests ineligibility for various programs, including minimum security confinement, the RDAP program, etc., arguing that the detainer lodged by INS against Defendant violates equal protection requirements. However, this Circuit has already upheld detainers against essentially identical equal protection challenges, holding that "the detainer exclusion is a valid exercise of the BOP's authority under [18 U.S.C. 3621]." McLean v. Crabtree, 173 F.3d 1176, 1184 (9th Cir. 1999). Accordingly, relief on Ground Seven is DENIED.

### G. Ground Eight: The Sentence was Greater than Necessary

Here, Defendant essentially alleges that the sentencing guidelines are inappropriately harsh when applied to Defendant, and that the Court failed to account for mitigating circumstances. To the extent that Defendant seeks to challenge the sentencing guidelines as overly harsh, this is a non-cognizable claim. To the extent that Defendant seeks to challenge the propriety of the sentence given the mitigating factors, Defendant's argument is foreclosed because he voluntarily dismissed his appeal, which was his opportunity to correct nonconstitutional sentencing errors. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir. 1994). However, even if Defendant's argument was not foreclosed, the Court considered all relevant mitigating factors as shown by the transcript at sentencing (#36). Accordingly, relief on Ground Eight is DENIED.

### H. Ground Nine: The Sentence is Unreasonable

Despite receiving a sentence at the low end of the guideline range, Defendant argues that the sentence is unreasonable because 1) it is custodial, 2) it is "long", and 3) the Court failed to address the factors required under 18 U.S.C. § 3553. Defendant's first and second reasons are not cognizable, and Defendant alleges no fact or law which would support vacating his sentence on this Ground. As to the third reasons, the Court has already reviewed the record and found that the factors to be

considered in imposing a sentence under § 3553 were duly considered. Accordingly, relief on this Ground is DENIED.

III. Conclusion

Defendant's Motion to Vacate under 28 U.S.C. 2255 (#49) is **HEREBY DISMISSED** without prejudice as to Grounds One and Two relating to ineffective assistance of counsel. Defendant is granted thirty (30) days from the filing of this Order to file with the Court a Motion which provides the full and specific factual foundations for Defendant's Motion dealing only with the ineffective assistance of counsel grounds. Defendant may not incorporate by reference any other document.

Defendant's Motion to Vacate under 28 U.S.C. 2255 (#49) is **HEREBY DENIED** as to all remaining grounds.

DATED this 9th day of September 2013.

_____
Kent J. Dawson
United States District Judge